1  Robert Tauler (SBN 241964)
2  Leticia Kimble (SBN 262012)
   Tauler Smith LLP
3  626 Wilshire Blvd., Suite 510
   Los Angeles, California 90017
4  Tel: (310) 492-5129
   rtauler@taulersmith.com
5  leticia.kimble@taulersmith.com

6

7  Attorneys for Plaintiff
   OUTLAW LABORATORY, LP
8

9

10                **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12

13

14 | OUTLAW LABORATORY, LP, a          | **CASE NO. 3:18-cv-01565**
   | Texas limited partnership,         |
15 |                                    |
   |        Plaintiff,                  | **COMPLAINT FOR:**
16 |                                    |
   | vs.                                |
17 |                                    | **(1)  FALSE ADVERTISING IN**
   |                                    |      **VIOLATION OF THE**
18 | BARGAIN LINE WHOLESALE,            |      **LANHAM ACT § 43 (a)(1)(B))**
   | INC., A California Corporation,    |
19 | SUNG UNG KANG D/B/A J&B            |
   | TRADING, An Individual, A&R        |
20 | ENTERPRISES INC. D/B/A             |
   | BONFARE MARKET, A California       |
21 | Corporation, MELS MINI MART        | **[DEMAND FOR A JURY TRIAL]**
   | INC., A California Corporation,    |
22 | SAYANI CORPORATION D/B/A           |
23 | PIC N PAC LIQUORS, A California    |
   | Corporation, HUSSAIN ISRAR         |
24 | D/B/A 3 STAR FOOD & LIQUOR,        |
   | An Individual, BAHLIBI             |
25 | TESFALDET GHIRMAI D/B/A            |
   | COME N SAVE, An Individual,        |
26 | VPAK, LLC, A California Limited    |
   | Liability Company, AMANDEEP        |
27 | VIRK D/B/A SMOKE & 99C, An         |
28 | Individual, BALJIT SINGH D/B/A     |

COMPLAINT

| | |
|---|---|
| 1 | BOB'S DISCOUNT LIQUORS #1, An Individual, POP TOP MARKET & LIQUORS, A California General Partnership, GURSHARAN J SINGH D/B/A TROPICANA LIQUORS D/B/A MT PLEASANT BOTTLE SHOP, An Individual, and DOES 1 through 100, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | Defendants. |

COMPLAINT

Plaintiff Outlaw Laboratory, LP, a Texas limited partnership ("OLP" or "Plaintiff"), by and through its undersigned attorneys, submits this Complaint against defendants BARGAIN LINE WHOLESALE, INC., A California Corporation ("Bargain Line"), SUNG UNG KANG D/B/A J&B TRADING, AN INDIVIDUAL ("J&B Trading"), A&R ENTERPRISES INC. D/B/A BONFARE MARKET, A California Corporation ("A&R"), MELS MINI MART INC., A California Corporation ("Mels"), SAYANI CORPORATION D/B/A PIC N PAC LIQUORS, A California Corporation ("Sayani"), HUSSAIN ISRAR D/B/A 3 STAR FOOD & LIQUOR, An Individual ("3 Star"), BAHLIBI TESFALDET GHIRMAI D/B/A COME N SAVE, An Individual ("Come N Save"), VPAK, LLC, A California Limited Liability Company ("VPak"), AMANDEEP VIRK D/B/A SMOKE & 99C, An Individual ("Smoke & 99C"), BALJIT SINGH D/B/A BOB'S DISCOUNT LIQUORS #1, An Individual ("Bobs"), POP TOP MARKET & LIQUORS, A California General Partnership ("Pop Top"), GURSHARAN J SINGH D/B/A TROPICANA LIQUORS D/B/A MT PLEASANT BOTTLE SHOP, An Individual ("Gursharan"), and Does 1-100 (collectively, the "Defendants"), and in support thereof avers as follows:

## INTRODUCTION

1. Defendants are engaged in a scheme to distribute and sell "male enhancement" pills containing undisclosed pharmaceuticals to the general public. Specifically, Defendants offer for sale various sexual enhancement products, including but not limited to, FX3000, Fifty Shades 6000, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino 12 Titanium 6000, Rhino 69 Premium 8000, Super Panther 7k, Extreme Diamond 3000, Royal Honey VIP, Bl4ck 4k Capsules, Libigrow XXX Treme, Black Mamba and Black Panther (collectively, the "Enhancement Products"). All of the Enhancement Products have been the subject of laboratory testing and public announcements by the FDA, which found these products to contain hidden drug ingredients such as sildenafil (a prescription drug), desmethyl carbodenafil (an

analogue of sildenafil), dapoxetine (an unapproved anti-depressant drug) and tadalafil (a prescription drug), among other dangerous undisclosed ingredients.

2. The Enhancement Products are distributed by individuals and business entities, including, without limitiation, Bargain Line and J&B Trading (the "Supplier Defendants") through retail stores which are named herein as co-defendants (the "Retail Defendants"). Plaintiff has sent letters to each of the Retail Defendants making demands that they cease and desist from the illicit activity. The Retail Defendants have not complied with the demands.

3. The Retail Defendants are members of the "American Petroleum and Convenience Store Association" which has indicated that the parties would jointly defend the matter. The Retail Defendants profit from the sale of the Enhancement Products by disseminating false statements including that the Enhancement Products are "all natural," contain "no harmful synthetic chemicals," "no prescription necessary," and have limited side effects. Aside from these patently false statements, Defendants have failed to disclose the true nature of the Enhancement Products to their customers, even though they are aware of the dangerous secret ingredients.

4. Plaintiff is the manufacturer of competing products called "TriSteel" and "TriSteel 8hour," which are DSHEA-compliant male enhancement products made in the USA and distributed for sale in all 50 US States.

5. The proliferation of mislabeled male enhancement pills has grown in the shadows of intermittent enforcement of nutritional supplement laws. In this regard, the FDA has issued several public notices regarding the use of sildenafil in over the counter "male enhancement" supplements, but has only taken action on a handful of cases. The Supplier Defendants and the Retail Defendants have taken full advantage of this regulatory landscape, making significant profits selling dangerous products while openly engaging in illicit activity.

6. Thus, Plaintiff's only recourse is a civil action to protect the commercial interests recognized by the Lanham Act and to expose the scheme detailed herein. As such, Defendants have knowingly and materially participated in a false and misleading advertising campaign to promote and sell its Enhancement Products, giving consumers the false impression that these products are safe when in reality, Defendants are well aware that the Enhancement Products contain hidden drug ingredients.

7. Defendants' false and misleading statements and advertising pose extreme health risks to consumers in at least two ways. First, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of the sildenafil and other drug ingredients hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are not made aware they contain sildenafil.

8. Defendants have knowingly and materially participated in false and misleading marketing, advertising, dissemination and labeling to promote and sell the Enhancement Products, giving consumers the false impression that these products are safe and natural dietary supplements when in reality Defendants know that the Enhancement Products contain synthetic prescription drug ingredients that pose serious health dangers when taken without the supervision of a licensed medical professional.

9. Such false and misleading marketing and advertising is dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. Consumers of the Enhancement Products have little or no incentive to use natural, legitimate and safe

sexual performance enhancement products, such as Plaintiff's TriSteel or TriSteel 8hour, until they are harmed or Defendants' Enhancement Products are taken off of the shelves. Defendants' continuing false, misleading, and deceptive practices have violated the Lanham Act and have unjustly enriched Defendants at the expense of Plaintiff, and have harmed Plaintiff's commercial interests, including but not limited to, loss of revenue, disparagement and loss of goodwill.

10. Among other things, this action seeks to enjoin Defendants from the marketing and sale of any and all of the Enhancement Products, disgorgement of Defendants' profits, treble damages, punitive damages and attorneys' fees provided by the Lanham Act.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 (federal question jurisdiction).

12. This Court has personal jurisdiction over Defendants because they have, directly or through their intermediaries (including distributors, retailers, and others), developed, licensed, manufactured, shipped, distributed, offered for sale, sold, and advertised their products, including but not limited to the Enhancement Products, in the United States, the State of California and this district. Defendants have purposefully and voluntarily placed these products into the stream of commerce with the expectation that they will be purchased in this district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to the claim occurred in this district and the Retail Defendants are all located in this district.

## PARTIES

14. Plaintiff Outlaw Laboratory, LP is a Texas limited partnership organized under the laws of the State of Texas.

15. Defendant Bargain Line is a California Corporation with its principal place of business located at 701 Kennedy St., Oakland, California 94606.

16. Defendant J&B Trading is an individual with its principal place of business located at 813 San Veron Ave, Mountain View, CA 94043.

17. Defendant Come N Save is an individual with its principal place of business located at 1290 S Bascom Ave Ste D, San Jose, California 95128.

18. Defendant VPAK is a California Limited Liability Company with its principal place of business located at 1290 S Bascom Ave Ste D, San Jose, California 95128.

19. Defendant A&R is a California Corporation with its principal place of business located at 408 W Capitol Expy, San Jose, California 95136.

20. Defendant Mels is a California Corporation with its principal place of business located at 1500 Kiely Blvd, Santa Clara, California 95051.

21. Defendant Sayani is a California Corporation with its principal place of business located at 1700 Willow Pass Rd Ste B, Concord, California 94520.

22. Defendant 3 Star is an individual with its principal place of business located at 1140 Meadow Ln Ste C, Concord, California 94520.

23. Smoke & 99C is an individual, with its principal place of business located at 1799 N Texas St, Fairfield, California 94533.

24. Defendant Bobs is an individual, with its principal place of business located at 3585 Benton St, Santa Clara, California 95051.

25. Defendant Pop Top is a California General Partnership with its principal place of business located at 14817 E 14th St, San Leandro, California 94578.

26. Defendant Gursharan is an individual with its principal places of business located at 2770 Story Rd, San Jose, California 95127 and 3078 Story Rd, San Jose, California 95127.

COMPLAINT

27.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-100, inclusive, and therefore sued these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

## **FACTUAL ALLEGATIONS**
### **Sildenafil**

28.     The FDA has approved sildenafil for treatment of erectile dysfunction. However, because of known side effects, drug interactions and contraindications, the FDA has deemed sildenafil to be a prescription drug that can only be administered under the supervision of a medical professional.

29.     The serious side effects of sildenafil include, for example, priapism (i.e., prolonged penile erections leading to tissue death and potential permanent erectile dysfunction), severe hypotension (i.e., low blood pressure), myocardial infarction (i.e., heart attack), ventricular arrhythmias, stroke, increased intraocular pressure (i.e., increased eye fluid pressure), anterior optic neuropathy (i.e., permanent optic nerve damage), blurred vision, sudden hearing loss, and dizziness.

30.     The serious negative drug interactions of sildenafil include, for example, (i) interacting with alkyl nitrites and alpha-1 blockers to cause angina and life-threatening hypotension, (ii) interacting with protease inhibitors to increase the incidence and severity of side effects of sildenafil alone, and (iii) interacting with erythromycin and cimetidine to cause prolonged plasma half-life levels.

31.     In addition to these risks, contraindications of sildenafil include underlying cardiovascular risk factors (such as recent heart surgery, stroke or heart attack) since

consumption of sildenafil by individuals with these conditions can greatly increase the risk of heart attack.

32. Because of these dangerous side effects, drug interactions and contraindications, the advice and authorization of appropriate licensed medical professionals is absolutely crucial for the safe consumption of sildenafil.  Without such safeguards, the consequences can be dire; the sale of mislabeled sildenafil in similar circumstances has led to multiple deaths reported in the media.

## Defendants' Scheme

33. The Supplier Defendants are wholesale suppliers and distributors of various sexual enhancement supplements, which are often imported from China, rarely disclose any manufacturer information on their packaging and contain hidden drug ingredients. The Enhancement Products are generally sold in single-pill form.  The Supplier Defendants distribute the Enhancement Products through a network of Retail Defendants, detailed herein, who own and operate independent businesses selling the Enhancement Products, disseminate false claims about the Enhancement Products, and profit from the sale of dangerous products to consumers at a large markup on each pill.

34. The Supplier Defendants contact retailers such as the Retail Defendants and offer the Enhancement Products for sale.  The Enhancement Products are high-margin products and as such are situated at or near the checkout counter.  The Enhancement Products are all subject to FDA public announcements regarding their illicit contents; however, the Retail Defendants still participate in their sale, due to their profitability.

## Defendants' False Statements Regarding The Enhancement Products

35. Come N Save and VPAK own and operate the retail location at 1290 S Bascom Ave Ste D, San Jose, California 95128, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Libigrow XXXTREME, Fifty Shades 6000 and FX3000.

36. A&R is the owner and operator of the retail location at 408 W Capitol Expy, San Jose, California 95136, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000 and Rhino 8 Platinum 8000.

37. Mels is the owner and operator of the retail location at 1500 Kiely Blvd, Santa Clara, California 95051, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000 and Super Panther 7K.

38. Sayani is the owner and operator of the retail location at 1700 Willow Pass Rd Ste B, Concord, California 94520, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Extreme Diamond 3000, Royal Honey VIP, Bl4ck 4k Capsules, Rhino 7 Platinum 3000 and Rhino 7 Platinum 5000.

39. 3 Star is the owner and operator of the retail location at 1140 Meadow Ln Ste C, Concord, California 94520, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 3000 and Rhino 7 Platinum 5000.

40. Smoke & 99C is the owner and operator of the retail location at 1799 N Texas St, Fairfield, California 94533, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000 and Rhino 8 Platinum 8000.

41. Bobs is the owner and operator of the retail location at 3585 Benton St, Santa Clara, California 95051, which advertises and offers for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000 and Black Mamba Premium.

42. Pop Top is the owner and operator of the retail location at 14817 E 14th St, San Leandro, California 94578, which advertises and offers for sale various sexual

enhancement supplements, including without limitation, Rhino 12 Titanium 6000, FX3000 and Rhino 8 Platinum 8000.

43. Gursharan is the owner and operator of the retail locations at 2770 Story Rd, San Jose, California 95127 and 3078 Story Rd, San Jose, California 95127, which advertise and offer for sale various sexual enhancement supplements, including without limitation, Rhino 7 Platinum 5000, Black Mamba, Black Panther, Libigrow XXX TREME and Rhino 69 Premium 8000.

44. The Defendants commercially market, advertise, distribute, disseminate, offer for sale and profit from the Enhancement Products. The Enhancement Products claim that they are "ALL NATURAL," a "NATURAL FORMULA," with "NO HARMFUL synthetic chemicals" and "NO PRESCRIPTION necessary." They also claim to offer "NO HEADACHE" and to have limited side effects. However, such claims are materially false and misleading. Contrary to Defendants' statements, recent FDA laboratory analyses have confirmed that the Enhancement Products contain sildenafil, a synthetic pharmaceutical with profound side effects, among other hidden drug ingredients.

45. Defendants' false statements and advertising pose extreme health risks to consumers in at least two ways. First, by stating that no prescription is necessary to consume the Enhancement Products, Defendants mislead consumers into believing that the advice and authorization of a licensed medical professional is not required to mitigate or avoid the potentially life-threatening side effects, drug interactions and contraindications of sildenafil hidden in the Enhancement Products. Second, by failing to inform consumers that the Enhancement Products contain sildenafil, consumers who know that their medical history and drug prescriptions make sildenafil consumption dangerous may nevertheless consume the Enhancement Products because they are unaware that they contain sildenafil.

46. Accordingly, Defendants' false and misleading advertising is dangerous to individual consumers and harmful to the dietary supplement industry as a whole. Defendants have created an illegitimate marketplace of consumers seeking to enhance their sexual performance but who are not informed, or who are misinformed, of the serious dangers of using Defendants' Enhancement Products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products, and their dramatic pharmacologic effects makes it so that legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, are at a huge disadvantage in their efforts to obtain market share.

### Plaintiff's Dietary Supplements:  TriSteel and TriSteel 8hour

47. Plaintiff OLP is a manufacturer of DSHEA-compliant dietary supplements. Plaintiff manufactures and offers for sale TriSteel and TriSteel 8hour, male sexual performance enhancement supplements that promote increased sexual desire and stamina. The ingredients in TriSteel are Epimedium Extract (leaves), Yohimbe Extract (8mg Yohimbine Alkaloids), Xanthoparmelia Scarbrosa Extract (Lichen), Gamma Amino Butyric Acid (GABA), L-Arginine, Gelatin, Cellulose, Magnesium Stearate and Silica. Plaintiff sells TriSteel and TriSteel 8hour in all 50 states through its website, as well as through many other online and storefront retail locations.

### CLAIM FOR RELIEF

**(False Advertising in Violation of Section 43(a)(1)(B) of the Lanham Act)**

48. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

49. Defendants have knowingly and purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of the Enhancement Products by, without limitation, commercially marketing and claiming that the Enhancement Products that they sell are safe and natural "dietary supplements" that will enhance a consumer's sexual performance without requiring a doctor's prescription,

all while purposefully omitting that (a) the Enhancement Products contain sildenafil and therefore cannot be "dietary supplements," (b) sildenafil is not naturally occurring, (c) sildenafil is a prescription drug requiring the prior authorization and supervision of a licensed medical professional, and (d) consumption of sildenafil without consultation and advice from a licensed medical professional poses extreme health risks, including without limitation, hypotension, heart attack and death.

50. The use of such false, misleading and disingenuous marketing has the tendency to deceive a substantial segment of the public and consumers, including those in this district, into believing that they are purchasing a product with different characteristics.

51. This deception is material because it is likely to influence a consumer's purchasing decision, especially if the consumer (a) is looking for an all-natural sexual enhancement dietary supplement, (b) is purchasing the Enhancement Products out of an attempt to avoid Sildenafil because the consumer knows that Sildenafil poses special health risks given such consumer's medical history or current drug prescriptions, and/or (c) wants to avoid taking any prescription drugs, generally, but especially without the supervision of a licensed medical professional. The deception is also material because consumers decision to purchase the Enhancement Products could lead to dangerous and unanticipated health consequences of which consumers are not informed.

52. Defendants have introduced their false and misleading statements into interstate commerce via marketing and advertising on product packages and labels, and on display cases placed in retail locations in the state of California. Defendants also sell or offer to sell the Enhancement Products to transient interstate travelers.

53. Plaintiff has been injured as a result of Defendants' false and misleading statements. Specifically, Defendants' false and misleading advertising concerning the Enhancement Products has negatively impacted Plaintiff's sales of TriSteel and TriSteel 8hour because both products are intended for sexual performance enhancement and target

the same consumers. Thus, Plaintiff has suffered both an ascertainable economic loss of money and reputational injury by the diversion of business from Plaintiff to Defendants and the loss of goodwill in Plaintiff's products. The ubiquity of the Enhancement Products, their relatively low cost to manufacture in comparison to natural products (like TriSteel and TriSteel 8hour), and their dramatic pharmacologic effects make it difficult for legitimate sexual performance enhancement products, such as TriSteel or TriSteel 8hour, to obtain market share. Moreover, Defendants' conduct has created reputational damage in that Defendants' misconduct damages the marketplace as a whole and has the tendency to disparage the goodwill associated with Plaintiff's brand.

54. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of its products in violation of Section 43(a)(1)(B) of the Lanham Act.

## PRAYER

Wherefore, plaintiff OLP prays for judgment against Defendants as follows:

55. For preliminary and permanent injunctive relief enjoining Defendants from producing, licensing, marketing, and selling any of the Enhancement Products, including but not limited to, FX3000, Fifty Shades 6000, Rhino 7 Platinum 3000, Rhino 7 Platinum 5000, Rhino 8 Platinum 8000, Rhino 12 Titanium 6000, Rhino 69 Premium 8000, Super Panther 7k, Extreme Diamond 3000, Royal Honey VIP, Bl4ck 4k Capsules, Libigrow XXX Treme, Black Mamba and Black Panther;

56. For an award of compensatory damages to be proven at trial in accordance with 15 U.S.C. § 1117;

57. For an award of any and all of Defendant's profits arising from the foregoing acts in accordance with 15 U.S.C. § 1117 and other applicable laws;

58. For restitution of Defendant's ill-gotten gains;

59. For treble damages in accordance with 15 U.S.C. § 1117;

60. For punitive damages;

61. For costs and attorneys' fees; and

62. Any other relief the Court may deem appropriate.

DATED: March 12, 2018                         TAULER SMITH LLP


                                              By:   /s/ Robert Tauler
                                                    Robert Tauler, Esq.
                                                    PLAINTIFF
                                                    OUTLAW LABORATORY, LP

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 12, 2018                TAULER SMITH LLP


                                     By:   /s/ Robert Tauler
                                           Robert Tauler, Esq.
                                           PLAINTIFF
                                           OUTLAW LABORATORY, LP