| | |
|---|---|
| 1 | Daniel A. Street, Esq. (SBN 100326) |
| | **THE LAW OFFICE OF DANIEL A. STREET** |
| 2 | 555 University Ave., Ste. 284 |
| | Sacramento, CA  95825-6511 |
| 3 | Telephone: (916) 920-9005 |
| | Facsimile:  (916) 920-7951 |
| 4 | Email:   dstreet@saclawyers.com |
| 5 | Attorneys for Defendant BARGAIN LINE WHOLESALE, INC. |
| | a California corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

-ooOoo-

| | | |
|---|---|---|
| OUTLAW LABORATORY, LP, a Texas limited partnership, | | CASE NO: 3:18-cv-01565 |
| Plaintiff, | | |
| vs. | | **DEFENDANT BARGAIN LINE WHOLESALE, INC.'S ANSWER TO PLAINTIFF OUTLAW LABORATORY, LP'S COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43(a)(1)(B)** |
| BARGAIN LINE WHOLESALE, INC., a California corporation; SUNG UNG KANG dba J&B TRADING, an individual; A&R ENTERPRISES, INC., dba BONFARE MARKET, a California corporation; MEL'S MINI MART, INC., a California corporation; SAYANI CORPORATION dba PIC N PAC LIQUORS, a California corporation; HUSSAIN ISRAR dba 3 STAR FOOD & LIQUOR, an individual; BAHLIBI TESFALDET GHIRMAI dba COME N SAVE, an individual; VPAK, LLC, a California limited liability company; AMANDEEP VIRK dba SMOKE & 99C, an individual; BALJIT SINGH dba BOB'S DISCOUNT LIQUORS #1, an individual; POP TOP MARKET & LIQUORS, a California general partnership; GURSHARAN J. SINGH dba TROPICANA LIQUORS dba MT PLEASANT BOTTLE SHOP, an indivual; and DOES 1 through 100, inclusive, | | |
| Defendants._____/ | | |

ANSWER TO COMPLAINT BY DEFENDANT BARGAIN LINE WHOLESALE, INC.

COMES NOW, Defendant BARGAIN LINE WHOLESALE, INC., a California corporation, by and through its attorneys, to submit its answer to the Complaint for False Advertising in Violation of the Lanham Act § 43(a)(1)(B) ("Complaint") filed on or about April 27, 2018, as follows:

## INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.
2. Answering Paragraph 2 of Plaintiff's Complaint, this answering defendant admits that it distributes some of the product identified in the Complaint but denies all the other allegations contained therein.
3. Answering Paragraph 3 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.
4. Answering Paragraph 4 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.
5. Answering Paragraph 5 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.
6. Answering Paragraph 6 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.
7. Answering Paragraph 7 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.
8. Answering Paragraph 8 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.
9. Answering Paragraph 9 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.
10. Answering Paragraph 10 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

## JURISDICTION AND VENUE

11. Answering Paragraph 11 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

**PARTIES**

14. Answering Paragraph 14 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, this answering defendant admits the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

## FACTUAL ALLEGATIONS

28. Answering Paragraph 28 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

ANSWER TO COMPLAINT BY DEFENDANT BARGAIN LINE WHOLESALE, INC.

38. Answering Paragraph 38 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

40. Answering Paragraph 40 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, this answering defendant lacks sufficient information to either deny or admit the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

45. Answering Paragraph 45 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

**CLAIM FOR RELIEF**

48. Answering Paragraph 48, this answering defendant incorporates by reference its response to Paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. Answering Paragraph 49 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

50. Answering Paragraph 50 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

51. Answering Paragraph 51 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

52. Answering Paragraph 52 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

53. Answering Paragraph 53 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

54. Answering Paragraph 54 of Plaintiff's Complaint, this answering defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint fail to state a cause of action against this answering defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims have been waived by the acts and conduct of the Plaintiff and, therefore, Plaintiff is estopped from asserting its claims for damages against this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

By virtue of the conduct of the Plaintiff, or its authorized representatives and agents, and/or by virtue of its own omission to act under the circumstances, Plaintiff is barred from any recovery due to unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any, the existence of which is expressly denied.

////

////

////

ANSWER TO COMPLAINT BY DEFENDANT BARGAIN LINE WHOLESALE, INC.

### SEVENTH AFFIRMATIVE DEFENSE

The damages which are alleged to have been incurred by Plaintiff, if any, are the direct result, in whole or in part, of acts or omissions of its authorized agents and representatives, and this answering defendant is not responsible for any such damages.

### EIGHTH AFFIRMATIVE DEFENSE

The damages which are alleged to have been incurred by Plaintiff, if any, are the direct result, in whole or in part, of acts or omissions of third parties over whom this answering defendant has no control, and this defendant is not responsible for any such damages.

### NINTH AFFIRMATIVE DEFENSE

By virtue of misrepresentations on Plaintiff's part, this answering defendant has been released and discharged from any liability to Plaintiff, which liability is expressly denied.

### TENTH AFFIRMATIVE DEFENSE

By virtue of fraud on Plaintiff's part, this answering defendant has been released and discharged from any liability to Plaintiff, which liability is expressly denied.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred as a result of the failure to satisfy conditions precedent.

### TWELFTH AFFIRMATIVE DEFENSE

This answering defendant is not in breach of contract or warranty, either express or implied.

### THIRTEENTH AFFIRMATIVE DEFENSE

By virtue of Plaintiff's breach of the contract that is the subject of this action, Defendant has been released and discharged from any liability to Plaintiff, which liability is expressly denied.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of failure of contract formation; the terms alleged by the Plaintiffs are illusory, lack consideration, privity of contract, and manifestation of intent, between Plaintiff and this answering defendant. This answering defendant has no contractual relationship with Plaintiff in any manner, and therefore Plaintiff has no privity of contract with this defendant.

////

////

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event further investigation or discovery reveals the applicability of any additional defenses, this answering defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to perform all acts required under the Lanham Act in order to allow it to file this instant action, including but not limited to, pre-litigation demands.

### SEVENTEEN AFFIRMATIVE DEFENSE

This answering defendant alleges that Plaintiff has selectively targeted establishments, both retail and wholesale, on the basis that are owned or operated by individuals of specific national origin or descent and, as such, have undertaken a discriminatory approach to seeking recovery under the Lanham Act in an attempt to coerce those individuals and business into monetary settlements.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A. That Plaintiff takes nothing by virtue of its Complaint, including but not limited to the requests in Paragraphs 55 through 62, inclusive;

B. For reasonable attorneys' fees and costs;

C. For such other and further relief as this Court may deem just meet and proper.

Dated: June 1, 2018                     THE LAW OFFICE OF DANIEL A. STREET

                                              /s/ Daniel A. Street
                                         BY: Daniel A. Street, Esq.
                                         Attorneys for Defendant BARGAIN LINE
                                         WHOLESALE, INC., a California corporation

# PROOF OF SERVICE

Case Name:   Outlaw Laboratory, LP v. Bargain Line Wholesale, Inc, *et al.*
United States District Court, Northern District of California
Case No. 3:18-cv-01565

I, Christine Lampman, declare that I am a citizen of the United States, over 18 years of age, a resident of Sacramento County, and not a party to the within action. My business address is 555 University Ave., Ste. 284, Sacramento, CA 95825-6511.

On June 1, 2018, I caused to be served the following document(s):

**DEFENDANT BARGAIN LINE WHOLESALE, INC.'S ANSWER TO PLAINTIFF OUTLAW LABORATORY, LP'S COMPLAINT FOR FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT § 43(a)(1)(B)**

☐   by transmitting via facsimile the document(s) identified above to the persons and fax numbers listed below on this date before 5:00 p.m.

☑   by placing the document(s) identified above in a sealed envelope with postage thereon fully prepaid and addressed to the persons and addresses listed below, and deposited with the United States Postal Service for collection and mailing following ordinary business practices on this date.

☐   by personal delivery of the document(s) identified above to the persons and addresses listed below.

☐   by placing the document(s) identified above in a sealed envelope and completed airbill (or similar device) to either FedEx or UPS for overnight delivery to the persons and addresses listed below.

Service was made on the following persons as indicated above following the ordinary business practices of our office:

| Name & Address | Facsimile & Email Address |
|---|---|
| Robert Tauler<br>Leticia Kimble<br>Kevin Valsi<br>TAULER SMITH LLP<br>626 Wilshire Blvd., Ste. 510<br>Los Angeles, CA 90017 | Represents Plaintiff<br><br>Email:   rtauler@taulersmith.com<br>            leticia.kimble@taulersmith.com<br>            kvalsi@taulersmith.com<br>Fax:      310.943.1455 |

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, CA, on June 1, 2018.

/s/ Christine Lampman
Christine Lampman